The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following questions:
 1. Does the county judge have legal and proper authority to sign the attached legal obligation without violating any laws pertaining to county financing? (Attached and made a part hereof.)
 2. Can a county owned hospital enter into lease-purchase agreements for equipment? Also, can a county owned hospital pay interest on debts?
 3. Can the attached hospital obligation if signed by the county judge, obligate any county revenues (tax) other than revenues generated by the hospital?
 4. Can the hospital legally issue revenue bonds without a general election?
Your first question concerns a particular "Collateral/Installment Promissory Note" and a "Security Agreement" to secure payment of the note. Your question regarding the county judge's authority to execute these obligations requires construction of the particular terms of the agreements, a matter that is not generally within the scope of an opinion from this office. This question should be referred to the county's local counsel, for review based upon the particular facts and circumstances, including the parties' intent.
While I am therefore unable to answer your first question regarding the terms of these particular agreements, the relevant legal analysis for reviewing those terms will be set forth in response to your remaining questions.
In response to your second question, I believe that initial consideration must be given to Article 16, Section 1 of the Arkansas Constitution,[1] which states:
 Neither the State nor any city, county, town or other municipality in this State shall ever lend its credit for any purpose whatever; nor shall any county, city or town or municipality ever issue any interest bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the indebtedness existing at the time of the adoption of the Constitution of 1874, and the State shall never issue any interest-bearing treasury warrants or scrip. [Emphasis added.]
Lease-purchase agreements can be violative of the above provision because many are not truly "lease" agreements, but are actually conditional sales contracts with interest. See, e.g., Brownv. City of Stuttgart, 312 Ark. 97, 847 S.W.2d 710 (1993). As such, they may constitute "interest-bearing evidences of indebtedness" under art. 16, § 1. Whether a particular lease-purchase agreement is in actuality a sale requires a factual determination, to be decided based upon the particular terms of the agreement in question. For a recent Arkansas Supreme Court case finding a lease agreement to be a sale, see Brown v.City of Stuttgart, supra.
If the agreement is in fact a sales agreement containing interest, then it seems clear that art. 16, § 1 would prohibit the transaction. This is the case regardless of the security for the agreement, that is, regardless of whether payment is secured by general tax dollars or solely by special revenues. See Op. Att'y Gen. 90-067 at 3-4 (copy enclosed). As noted in Opinion90-067, however, the possible applicability of Amendment 65 to the Arkansas Constitution must also be considered. Amendment 65 permits the issuance of "revenue bonds" by any "governmental unit" for the purpose of financing "capital improvements of a public nature, facilities for the securing and developing of industry or agriculture, and for such other public purposes as may be authorized by the general assembly." Ark. Const. amend.65, § 1. The term "revenue bonds" is defined as follows:
 The term `revenue bonds' as used herein shall mean all bonds, notes, certificates or other instruments or evidences of indebtedness the repayment of which is secured by rents, user fees, charges, or other revenues (other than assessments for local improvements and taxes) derived from the project or improvements financed in whole or in part by such bonds, notes, certificates or other instruments or evidences of indebtedness, from the operations of any governmental unit, or from any other special fund or source other than assessments for local improvements and taxes.
Ark. Const. amend. 65, § 3(a).
The term "governmental unit" means "the State of Arkansas; any county, municipality, or other political subdivision of the State of Arkansas; any special assessment or taxing district established under the State of Arkansas; and any agency, board, commission, or instrumentality of any of the foregoing." Id. at § 3(b).
This definition of "revenue bonds" is so broad as to include any "evidences of indebtedness the repayment of which is secured by . . . other revenues (other than assessments for local improvements and taxes) derived . . . from the operations of any governmental unit, or from any other special fund or source other than assessments for local improvements and taxes." It was concluded in Opinion 90-067 that this language would arguably include a lease-purchase agreement entered into by a city/county landfill which is in fact a sales contract and which is secured only by user fees collected from customers. Op. Att'y Gen. 90-067 at 6. I believe that a lease-purchase agreement entered into by a county-owned hospital could, similarly, fall under Amendment 65, where payment under the agreement is secured solely by some source other than assessments for local improvements and taxes. It may be successfully contended in that instance that the agreement constitutes a "revenue bond" under Amendment 65, and that interest may be paid on the debt. As stated in Opinion90-067 with regard to the city/county landfill's proposed lease-purchase agreement to obtain additional land and equipment:
 There are no Arkansas Supreme Court cases interpreting [Amendment 65] or the definitions contained therein. It is my opinion, however, that if the landfill were to enter into a lease-purchase agreement (with an interest provision which would ordinarily be violative of Art. 16, § 1) and the repayment of the agreement was secured solely by user fees, and in no way, not even contingently, by assessments for local improvements or taxes, the agreement might fall within the definition of a `revenue bond' under Amendment 65, and would thus be allowable on that basis. Of course, we are without the benefit of Arkansas case law on the issue, but believe the language of the Amendment itself leads to this conclusion.
Id. at 6.
It is therefore my opinion, in response to the first part of your second question, that the answer will depend in part upon the exact nature of the agreement, i.e., whether it is in fact a true lease or, instead, a sales agreement. If the agreement in fact contains interest bearing evidence of indebtedness, the answer may then depend upon the security for the debt. Although, as noted in Opinion 90-067, there are no Arkansas Supreme Court cases interpreting Amendment 65, I believe that such an agreement could give rise to a "revenue bond" under that Amendment, if the indebtedness was secured by some source other than local assessments or taxes. The applicability of Amendment 65 will ultimately depend upon the terms, conditions, and other facts surrounding the particular agreement.
With regard to the second part of your second question involving the hospital's payment of interest on debts, the answer is generally "no." Article 16, § 1 would prohibit such payment. As noted above, however, reference to Amendment 65 may be indicated, depending upon the particular facts.
In response to your third question, assuming that the agreement would in fact constitute interest bearing evidence of indebtedness, the answer is clearly "no." The county judge cannot legally pledge county tax revenues to pay interest on the county's indebtedness. This would be contrary to art. 16, § 1. Nor may the county judge obligate hospital revenues unless, as noted above, all of the conditions and laws governing the issuance of "revenue bonds" under Amendment 65 are met. See
Ark. Const. amend. 65 and A.C.A. 19-9-601 et seq. (Cum. Supp. 1993).
You have asked, finally, whether the hospital can legally issue revenue bonds without a general election. Amendment 65 and Act 852 of 1987, as amended (A.C.A. § 19-9-601 et seq. (Cum. Supp. 1993)), allow governmental units to issue "revenue bonds" without submitting the bond issue to the electorate for approval. Under A.C.A. § 19-9-606, a "governmental unit" (in this instance the county hospital) may be authorized to issue such bonds upon "proclamation, order, ordinance, or resolution" of the "governing body" (the county court in this instance). See A.C.A. §19-9-604(5) ("governing body" means, with respect to a county, the county court). Assuming, therefore, that the "revenue bonds" are issued under Amendment 65 and that all procedural requirements are met, it is my opinion that the answer to your last question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] It should be noted that Amendment 13 to the Arkansas Constitution superseded art. 16, § 1, but was itself superseded by Amendment 62 according to the Arkansas Supreme Court's ruling in City of Hot Springs v. Creviston, 288 Ark. 286,705 S.W.2d 415 (1986). As noted in the publisher's notes to art. 16, § 1, however, the court in Creviston held that amend. 62 did not intend to repeal the original first section of art. 16, § 1, which contains the prohibition against interest bearing evidences of indebtedness. The provision may, however, as will be discussed herein, be superseded to some extend by Amendment 65.